**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

LORAIN BENEAR,

　　　　　　　Plaintiff-Appellant,

v.

ANDREW M. SAUL, Commissioner of
Social Security,

　　　　　　　Defendant-Appellee.

No. 19-15444

D.C. No. 2:17-cv-04160-JAT

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
James A. Teilborg, District Judge, Presiding

Argued and Submitted February 2, 2021
Phoenix, Arizona

Before:  W. FLETCHER, MILLER, and HUNSAKER, Circuit Judges.

Lorain Benear appeals the district court's judgment affirming the

Commissioner of Social Security's denial of her application for disability

insurance benefits under Title II of the Social Security Act.  We have jurisdiction

under 28 U.S.C. § 1291.  While we review de novo the district court's order, we

---

[*]　　This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

may only set aside the Commissioner's denial of benefits if it is not supported by substantial evidence or is based on legal error. *Ford v. Saul*, 950 F.3d 1141, 1153–54 (9th Cir. 2020). We affirm.

First, we conclude that the administrative law judge ("ALJ") provided specific and legitimate reasons for discounting the opinions of Benear's three treating physicians. *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017). The ALJ afforded little weight to the opinion of Dr. Hayashi primarily because his opinion was conclusory "and unsupported by the medical evidence." While a physician's use of checkbox forms is not by itself a reason to discount his or her opinion, *Trevizo v. Berryhill*, 871 F.3d 664, 677 n.4 (9th Cir. 2017), the ALJ's assessment is nonetheless supported by substantial evidence. There is no explanation of the inconsistency between Dr. Hayashi's notes from his office visit examinations and his evaluations on the forms concluding that Benear was so impaired. *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (noting that incongruence between a physician's questionnaire opinion and medical records is a specific and legitimate reason to discount her opinion).

In affording little weight to Dr. Hagevik's opinion, the ALJ noted that Dr. Hagevik only briefly treated Benear, and the results of his examinations were unremarkable. The ALJ discounted Dr. McClain's opinion that Benear "will never

2

be able to work," because he acknowledged in the same letter that he "do[es] not a[ss]ess patients for work related activities." Moreover, the ALJ reasonably considered that Dr. McClain's assessment was contradicted by the consulting physician's examination of Benear. In sum, the ALJ provided specific and legitimate reasons for rejecting the treating physicians' opinions.

Second, the ALJ properly relied on Dr. Ostrowski's opinion and acted within her discretion when she denied Benear's requests to subpoena the agency's consulting and examining physicians for in-person testimony. *See* 20 C.F.R. § 404.950(d)(1); *Ford*, 950 F.3d at 1154.

Third, the ALJ's conclusion that Benear's mental impairments were non-severe is supported by substantial evidence. The ALJ discussed Benear's initial function report and first psychological examination, and explained that the second psychological examiner believed that Benear may have been exaggerating her symptoms. The ALJ also concluded that Benear's ability to bathe and dress on her own, drive, and conduct herself appropriately at dozens of medical appointments suggested that Benear's mental impairments resulted only in mild limitations.

Finally, the ALJ provided clear and convincing reasons for discounting Benear's pain testimony. *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995) (as amended). We agree with Benear that the ALJ's reliance on medical appointments

3

that predate Benear's amended disability onset date was misplaced.  However, the ALJ's remaining rationales for discounting Benear's testimony, namely that her subjective complaints were inconsistent with her largely conservative treatment and some of her conduct, are supported by substantial evidence.  *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) ("A decision of the ALJ will not be reversed for errors that are harmless.").  With one exception during the relevant period, Benear's physicians treated her pain with only medications and braces.  Benear was able to drive independently and travel.  The ALJ also properly considered the consulting psychologist's report that Benear attended her examination dressed for a cocktail party while claiming not to attend to personal hygiene.  *See Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996) (noting that an ALJ may consider inconsistencies between a claimant's testimony and an examining physician's observations in assessing the credibility of subjective pain testimony).

**AFFIRMED.**

4